UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SUSAN G. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-0209 |
| | ) | Judge Sharp |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Pending before the Court is Plaintiff's "Motion to Restrain Defendant Under 28 U.S. Code § 1343 and 42 U.S. Code § 1985." (Docket No. 8). In that Motion, Plaintiff asks the Court to (1) "Order Defendant to stop taking money from Plaintiff and her husband, and giving that money to members of 'purported marriages' that waived any 'spousal' benefit rights due to 42 U.S. Code § 416(h)(1)(B)(ii) yet filled out applications to receive Plaintiff's money," and (2) "Order Defendant to begin the 9-month 'duration period' . . . at the date the DOMA [Defense of Marriage Act] decision became effective . . . but only for 'eligible' same-sex newly-weds who successfully defeat the world-wide legal definition of 'man' and 'woman.'" (Docket No. 8 at 5-6). Given the title of the Motion and the relief requested, the Court construes the Motion as a request for a temporary restraining order and/or a preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat'l Resources Defense Council, Inc., 555 U.S. 7, 24 (2008). Therefore, "[a] plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

1

h[er] favor, and that an injunction is in the public interest." Id. at 20. These same standards apply whether the request is for a temporary restraining order or a preliminary injunction. Solis v. Tennessee Comm. Bancorp, Inc., 2010 WL 2025785, at *1 (M.D. Tenn. May 5, 2010); Davis v. Snyder, 2013 WL 6507336, at *2 (E.D. Mich. Dec. 12, 2013).

"In order to establish a likelihood of success on the merits of a claim, a plaintiff must show more than a mere possibility of success." Six Clinics Holding Corp., II v. CAFCOMP Sys., 119 F.3d 393, 407 (6th Cir. 1997). While "it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them fair grounds for litigation and thus for more deliberate investigation," id., Plaintiff has not made that showing, even giving deference to her *pro se* status.

In her Complaint, Plaintiff complains about the imposition of social security and Medicare taxes and requests that the Court "restrain and enjoin defendant to equally divide the combined taxable income and taxes taken from wages of legally married spouses[.]" (Docket No. 1, Complaint at 3). However, and as a general rule, "federal district courts lack jurisdiction over actions seeking injunctions against the collection of taxes, 26 U.S.C. § 7421(a)[.]" Everett v. United States, 10 F. App'x 336, 337 (6th Cir. 2001).

Moreover, "'the general rule is that a plaintiff's harm is not irreparable if it is fully compensable by money damages.'" Nat'l Viatical, Inc. v. Univ. Settlements Int'l, Inc., 716 F.3d 952, 957 (6th Cir. 2013). Plaintiff has not shown that any harm she may suffer is not compensable by a credit to her social security account or money damages at the conclusion of the case should she prevail. In fact, she request in her Complaint as an alternative remedy "actual and punitive damages." (Docket No. 1, Complaint at 4).

2

Accordingly, Plaintiff's "Motion to Restrain Defendant" (Docket No. 8), construed as a motion for a temporary restraining order and/or preliminary injunction, is hereby DENIED.

It is SO ORDERED.

"

*/s/ Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE