IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SUSAN G. MARTIN          )
                                    )
     v.                  )    NO. 3:14-0209
                                    )
CAROLYN W. COLVIN, et al.     )

TO:    Honorable Kevin H. Sharp, Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 30, 2014 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is Defendants' Motion to Dismiss (Docket Entry No. 24), to which the plaintiff has filed a response in opposition. See Docket Entry No. 31. Also before the Court is the Defendants' reply (Docket Entry No. 34) and the plaintiff's sur-reply (Docket Entry No. 36).[1] For the reasons set out below, the Court recommends that the Defendants' motion be granted and that this action be dismissed.

---

[1] Although the Court did not permit the plaintiff to file a sur-reply, see Order entered June 16, 2014 (Docket Entry No. 33), the plaintiff mailed her sur-reply prior to her receipt of the June 16, 2014, Order. Accordingly, the Court has considered the sur-reply in its review of the motion to dismiss.

**I. BACKGROUND**

On January 27, 2014, the <u>pro se</u> plaintiff initiated this action by filing a complaint and request for injunctive relief against the Commissioner of the Social Security Administration ("SSA"). The plaintiff subsequently filed an amended complaint adding the Attorney General of the United States as a defendant to the action. <u>See</u> Docket Entry No. 22.

The plaintiff asserts that she is a 62 year old female "member of a heterosexual marital tax unit" who has filed a joint tax return with her spouse during all the 40 years of their marriage. <u>See</u> Amended Complaint (Docket Entry No. 22), at 5. The plaintiff contends that she "met with the SSA" regarding what she believes are inequities in the manner in which the Social Security and Medicare taxes deducted from her and her spouse's combined wages over the years were allocated between herself and her spouse with respect to the earning of SSA credits and the payment of anticipated Social Security benefits to her spouse and herself. <u>Id</u>. Essentially, it appears that the plaintiff complained that, despite the payment of joint taxes by her spouse and herself, she was not being given SSA credits for the time she spent over the years as a wife and mother who was not receiving an earned income but was contributing to the marital household by enabling her spouse to earn income and pay taxes. The plaintiff asserts that she was told that she needed to work and pay additional taxes or "get the law changed because that's the way it's always been done," or the benefits she and her spouse could receive would be significantly reduced or eliminated. <u>Id</u>.[2] She contends that the record keeping practices of the SSA are archaic and discriminatory against married women. <u>Id</u>. at 2.

The plaintiff further contends that she has been discriminated against because the SSA does not treat members of same-sex marriages in a similar manner to members of heterosexual marriages and has retroactively processed widows' and widowers' claims arising from same-sex marriages.

---

[2] Although not entirely clear, the plaintiff appears to be asserting that her earnings record does not contain enough credits to qualify for a worker's retirement benefit and to allow her husband to receive a survivor benefit in the event that the plaintiff dies before her spouse. <u>See</u> Amended Complaint, at 5.

Id. at 3. She complains that the United States government's administration of tax laws and benefits with respect to same-sex couples adversely impacts her receipt of "benefits of taxation" and her right to "live in health and safety" and is forcing "Republican Party officials" in states that do not recognize same-sex marriages to validate same-sex marriage licenses from other states. Id. at 10-12.

The plaintiff asserts that she has standing "as an aggrieved married female taxpayer and grandmother," id. at 3, and brings claims against the Defendants based on several constitutional provisions and federal statutes, including the First, Fourth, Fifth, Fourteenth, Sixteenth, and Nineteenth Amendments to United States Constitution, 42 U.S.C. §§ 1981, 1983, 1985, and 1988, and the Revenue Act of 1948. Id. at 14-16. The plaintiff asserts that jurisdiction is conferred by 28 U.S.C. §§ 1331, 1340, 1343, 1356, 1361, and 1391 and under 42 U.S.C. §§ 1981, 1983, 1985, and 1988. Id. at 1. She seeks "actual and punitive damages, costs, fees, penalties, and all other amounts in equity and law," Id. at 14, as well as the following forms of injunctive relief requiring the Defendants to:

> 1) "equally divide the combined taxable income (including wages and net income/loss from self employment) and taxes taken from wages of legally married spouses for the purposes of 42 U.S.C. §§ 414(a)(2), §§ 413(a)(2)(A)(i) and (ii), and § 403(f)(5)(A);"
>
> 2) refrain from "denying legally married females the same number of QC's as their spouses, and from using record-keeping practices that deprive legally married females and heterosexual male widowers in legal "marital tax units" of benefits, equal protections, privileges, privacy and Due Process;"
>
> 3) refrain from applying "'purported marriage' and 'duration of marriage' rules (similar to 42 U.S. Code § 416 (h)(1)(B)(ii), and 42 U.S.C. §§ 416(c)(1)(E)), to same sex purported marriages, and from retroactively giving marriage validity and taxpayer benefits to members of purported marriages consummated with the knowledge that the license contradicted Federal laws and could be used only in the state that sold it as a special license without reciprocity between states at the time it was sold;" and
>
> 4) refrain "from using record-keeping practices that interfere with, aggrieve, and deprive both Single females and females in legal 'marital tax units' from freely exercising religious rights, freedoms, beliefs, privacies, and practices related to education and child-bearing."

Id. at 15-6.

The Defendants seek dismissal of the action under Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing that the Court does not have subject matter jurisdiction over the action. The Defendants contend that the plaintiff has not shown that she has suffered any type of actual injury that satisfies the case and controversy requirement and thus fails to show that she has Article III standing for her claims. The Defendants further argue that, even if Article III standing is established, principles of sovereign immunity limit the jurisdiction of the Court. The Defendants assert that judicial review of actions by the Commissioner regarding benefits under the SSA is specifically limited by 42 U.S.C. §§ 405(g) and 405(h) to review of final decisions of the Commissioner, and that the plaintiff's own allegations do not show that she has filed a claim or request for benefits, let alone received a final decision, that permits judicial review of her complaints about the calculation of her benefits. The Defendants argue that the several other statutes to which the plaintiff refers in her Amended Complaint do not provide a basis for subject matter jurisdiction. Finally, the Defendants contend that the plaintiff fails to state a claim upon which relief can be granted under the various civil rights statutes set out in her complaint and seek dismissal of these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARDS OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim for lack of subject matter jurisdiction. The issue of the Court's subject matter jurisdiction to hear a case is a threshold issue. See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio, 581 F.3d 420, 423 (6th Cir. 2009). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); Lewis v. Whirlpool Corp., 630 F.3d 484, 487 (6th Cir. 2011). Failure to satisfy this burden requires dismissal of the action. Loren v. Blue Cross & Blue Shield of Mich., 505 F.3d 598, 607 (6th Cir. 2007). See also Rule 12(h)(3) of the Federal Rules of Civil Procedure.

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

### III. CONCLUSIONS

The Court presumes as true that the plaintiff holds sincere personal beliefs in both the sanctity of marriage between only a man and a woman and in the value that non-wage earning spouses, who have historically been females, play in the family household and in society at large. The plaintiff is obviously upset and frustrated with 1) certain aspects of the benefits system provided by the Social Security Act that do not jibe with her beliefs, and 2) the current trend toward giving legal recognition to same sex marriages and the resulting ramifications of that recognition. Her frustration has led her to pay $400.00 to file the instant lawsuit in federal court seeking both damages to remedy the wrongs she believes are being committed by the Defendants and injunctive relief that would force the Defendants to change the system for the calculation of benefits under the Social

Security Act and prevent them from recognizing same sex marriages as it pertains to the payment of benefits. However, the instant lawsuit is simply not a viable vehicle for her to obtain the relief she seeks, and this action must be dismissed.

As an initial matter, federal courts are courts of limited jurisdiction, and Section 2 of Article III of the United States Constitution provides that Federal Courts may adjudicate only actual cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Thus, this Court has no authority to render advisory opinions, give opinions upon abstract principles, or hear generalized grievances. See Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); Fialka–Feldman v. Oakland Univ. Bd. of Trustees, 639 F.3d 711, 715 (6th Cir. 2011). One facet of the case or controversy requirement is the showing of standing. To satisfy the requirement of Article III standing, the plaintiff must show that: 1) she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citing Lujan, 504 U.S. at 560-561); Barnes v. City of Cincinnati, 401 F.3d 729, 739 (6th Cir. 2005).

The plaintiff has not shown that she has suffered an injury in fact. Although the plaintiff complains about what she believes are inequities in the manner of record keeping and the allocation of credits for the purposes of determining benefits under the Social Security Act, she has not shown that she has applied for any benefits, let alone shown that she has been denied the amount of benefits to which she believes she should be entitled. Accordingly, any injury to her is hypothetical and speculative at this point and fails to constitute an injury in fact for the purpose of standing. See Hall

v. Sebelius, 689 F. Supp. 2d 10, 18 (D.D.C. 2009) (claimants who had not applied for Social Security benefits had not suffered an injury in fact and lacked standing to challenge SSA regulations that could deprive them of such benefits).

Additionally, the plaintiff has not demonstrated how she has personally suffered any type of injury in fact because of any actions taken by the Defendants with respect to recognition of same-sex marriages or the payment of benefits under the Social Security Act to individuals in same-sex marriages. Her general displeasure with the current recognition given to same-sex marriages does not satisfy the standing requirement, nor does her status as a tax-payer provide her with standing to pursue this displeasure through a lawsuit, even a lawsuit asserting that such recognition violates constitutional provisions. See Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 599, 127 S. Ct. 2553, 2563, 168 L. Ed. 2d 424 (2007) ("As a general matter, the interest of a federal taxpayer in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing."); American Atheists, Inc. v. City of Detroit Downtown Dev. Auth., 567 F.3d 278, 284 (6th Cir. 2009) ("taxpayer standing is a long-disfavored basis for enlisting the federal courts to resolve constitutional challenges to the validity of state or federal programs."). The Supreme Court has repeatedly affirmed that a plaintiff has not suffered an injury in fact sufficient to confer standing based solely upon the assertion that the federal government has not acted in accordance with the Constitution. See Valley Forge Christian Coll., 454 U.S. at 485-86.

The plaintiff's failure to satisfy the requirement of constitutional standing requires the dismissal of her action. However, even if the plaintiff were found to satisfy the requirement for constitutional standing regarding her claims based on the failure to qualify for anticipated Social Security benefits, these claims cannot be heard by this Court for a multitude of other reasons.

It is well settled that the legal doctrine of sovereign immunity shields the United States and its agencies from suit. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994); United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d

607 (1980); Munaco v. United States, 522 F.3d 651, 652–53 (6th Cir. 2008); Blakely v. United States, 276 F.3d 853, 870 (6th Cir. 2002). Although the plaintiff has sued the Commissioner of the SSA and the United States Attorney General, the protection of sovereign immunity extends to federal officers acting in their official capacities, see Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Hawaii v. Gordon, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993), and the bar of sovereign immunity cannot be avoided by merely suing officers and employees of the United States. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

A waiver of sovereign immunity by the United States may not be implied and exists only when Congress has expressly waived immunity by statute. United States v. Nordic Village, Inc., 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). Because sovereign immunity raises a jurisdictional bar to suit, absent an explicit waiver of sovereign immunity, suits against the government or its officials must be dismissed. Loeffler v. Frank, 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988); Mitchell, 463 U.S. at 212; Reetz v. U.S., 224 F.3d 794, 795 (6th Cir. 2000). The plaintiff's argument that the Defendants have waived sovereign immunity, see Response in Opposition (Docket Entry No. 31), at 12-13, has no merit because the argument is based upon principles of law applicable to the waiver of immunity that is provided to states under the Eleventh Amendment, not to the sovereign immunity of the Unites States. Eleventh Amendment sovereign immunity is not at issue in this lawsuit. The plaintiff's argument that the Defendants are subject to suit based upon a "sue and be sued" theory, id. at 13-14, likewise lacks merit because the plaintiff has not set forth any cognizable argument as to how that theory applies with respect to the named Defendants.

In the Social Security context, the United States has lifted its sovereign immunity and permitted private parties to sue in accordance with Section 405(g) and 405(h) of the Social Security Act. See Matthews v. Eldridge, 424 U.S. 319, 327, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Walls v.

<u>Astrue</u>, 2011 WL 4526800, *3 (M.D.Tenn. Sept. 28, 2011) (Nixon, J.). 42 U.S.C. § 405(g) provides, in part, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Further, 42 U.S.C. § 405(h) states, in part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

In accordance with these provisions, federal courts lack subject matter jurisdiction over a lawsuit bringing claims that arise under the Social Security Act until the Commissioner issues a final decision. <u>See</u> <u>Weinberger v. Salfi</u>, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). This includes claims that have constitutional issues intertwined with Social Security issues. <u>Id</u>. at 760–61. <u>See</u> <u>also</u> <u>Shalala v. Illinois Council on Long Term Care, Inc.</u>, 529 U.S. 1, 10, 120 S. Ct. 1084, 146 L. Ed. 2d 1 (2000).[3]

The plaintiff argues that her lawsuit is not brought under the Social Security Act and that she is not pursuing claims that arise under the Social Security Act. <u>See</u> Docket Entry No. 36, at 3-4. It is true that the plaintiff does not directly seek as damages any type of payments of Social Security benefits and that she has specifically not brought her action under Section 405(g). However, the form of relief sought by the plaintiff is not determinative of whether her claims arise under the Social Security Act. <u>See</u> <u>Heckler v. Ringer</u>, 466 U.S. 602, 615, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984) ("It is of no importance that respondents here, unlike the claimants in <u>Weinberger v. Salfi</u>, sought only declaratory and injunctive relief and not an actual award of benefits as well."). Further, the inextricable intertwining between the plaintiff's claims and the Social Security Act is evidenced by

---

[3] <u>Shalala v. Illinois Council</u> concerned the Medicare Act, but applied Section 405 as incorporated into the Medicare Act. <u>See</u> 42 U.S.C. § 1395ii. The analysis of Section 405 in <u>Shalala v. Illinois Council</u> is therefore fully applicable to claims implicating the Social Security Act.

the relief she does request, which includes a request for injunctive relief requiring the Defendants to change the manner in which Sections 414(a)(2), 413(a)(2)(A)(i) and (ii), and 403(f)(5)(A) of the Social Security Act are interpreted and administered and to adopt different record keeping practices at the SSA and revise the manner in which benefits under the Social Security Act are calculated.  See Amended Complaint, at 15.  Presumably, the changes she seeks would render her eligible for increased benefits.  Such requested relief, even if does not encompass a direct reward of benefits, supports the conclusion that her claims arise under the Social Security Act.  Ringer, supra.

The crux of the plaintiff's action is that she believes she should be entitled to additional Social Security benefits under her current earnings record.  The plaintiff's contention that she is merely seeking to vindicate constitutional rights and is not directly seeking benefits does not negate the fact that her claims arise under the Social Security Act.  See Ringer, supra; Kennedy v. Comm'r of Soc. Sec., 202 F.3d 268, 1999 WL 1336080, *2 (6th Cir. Dec. 21, 1999) ("The fact that a plaintiff's claim arises under the Constitution, however, as well as the Social Security Act does not provide a way around the requirements of section 405(g)."); Michigan Ass'n of Homes & Servs. for the Aging, Inc. v. Shalala, 127 F.3d 496, 500 (6th Cir. 1997) (facial and constitutional challenge to agency regulations and rules is subject to Section 405(g) and 405(h) even though an individual claim for benefits is not at issue).  Summarizing the rules of Ringer and Salfi, the Supreme Court in Shalala v. Illinois Council, found that these cases:

> foreclose distinctions based upon the "potential future" versus the "actual present" nature of the claim, the "general legal" versus the "fact-specific" nature of the challenge, the "collateral" versus "noncollateral" nature of the issues, or the "declaratory" versus "injunctive" nature of the relief sought. Nor can we accept a distinction that limits the scope of § 405(h) to claims for monetary benefits. Claims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy may all similarly rest upon individual fact-related circumstances, may all similarly dispute agency policy determinations, or may all similarly involve the application, interpretation, or constitutionality of interrelated regulations or statutory provisions. There is no reason to distinguish among them in terms of the language or in terms of the purposes of § 405(h).

529 U.S. at 13-14.  Regardless of how the plaintiff frames her claims and arguments, the decisions in Shalala v. Illinois Council, Ringer and Salfi support the Court's conclusion that the substance of

her claims arise under the Social Security Act and, the Court's jurisdiction is limited in accordance with the provisions of Sections 405(g) and (h).

A threshold and nonwaivable requirement for judicial review under Sections 405(g) is that the plaintiff must have presented her claims to the Commissioner. Michigan Ass'n of Homes, 127 F.3d at 499. In the instant case, the plaintiff's failure to have actually made a claim for benefits or otherwise obtained any type of final determination regarding benefits from the SSA requires the dismissal of her action. Shalala v. Illinois Council, 529 U.S. at 24 ("At a minimum, however, the matter must be presented to the agency prior to review in a federal court."); Michigan Ass'n of Homes, supra. As the Supreme Court in Salfi found in dismissing the claims of class members in that case:

> As to class members, however, the complaint is deficient in that it contains no allegations that they have even filed an application with the Secretary, much less that he has rendered any decision, final or otherwise, review of which is sought. The class thus cannot satisfy the requirements for jurisdiction under 42 U.S.C. § 405(g). Other sources of jurisdiction being foreclosed by § 405(h), the District Court was without jurisdiction over so much of the complaint as concerns the class, and it should have entered by appropriate order of dismissal.

422 U.S. at 764. See also Mathews v. Eldridge, 424 U.S. 319, 328-29, 96 S. Ct. 893, 47 L.Ed. 2d 18 (1976) (reaffirming that presenting a claim for benefits to the Secretary is a necessary precondition for jurisdiction under Section 405(g)).

Having found no basis for subject matter jurisdiction under Section 405(g) and (h), the Court turns to the plaintiff's reliance on other statutory provisions to which she refers in her Amended Complaint. See Docket Entry No. 22, at 1. The Court finds that none of the provisions provide for the Court's jurisdiction over this action.

When a plaintiff pursues a claim arising under the Social Security Act, Section 405(h) precludes the plaintiff from relying on 28 U.S.C. § 1331 as the basis for jurisdiction, Ringer, 466 U.S. at 614-15 and 622, and Section 1331 does not act as a waiver of sovereign immunity. Whittle, 7 F.3d at 1262. Additionally, there is no jurisdiction to pursue constitutional damages claims against federal officers pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403

U.S. 388, 395, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), in actions arising under the Social Security Act. Schweiker v. Chilicky, 487 U.S. 412, 429, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988). Although the plaintiff refers to 28 U.S.C. § 1340[4] and 28 U.S.C. § 1356,[5] she has not shown the applicability of either provision to the claims she raises in this action, and neither provision acts as a waiver of the United State's sovereign immunity. See Carelli v. Internal Revenue Serv., 668 F.2d 902, 904 (6th Cir. 1982); Murray v. United States, 686 F.2d 1320, 1324 (8th Cir. 1982). 28 U.S.C. § 1391 is a venue statute and does nor confer jurisdiction. Likewise, 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are all civil rights statutes that neither independently provide a jurisdictional basis for suit nor act as a waiver of the United States' sovereign immunity. Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011); Berger v. City of Mayfield Heights, 265 F.3d 399, 405 (6th Cir. 2001); Omeli v. Nat'l Council of Senior Citizens, 12 F. App'x 304, 307 (6th Cir. 2001); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir.1999); Selden Apartments v. U.S. Dep't of Hous. & Urban Dev., 785 F.2d 152, 157 (6th Cir. 1986).[6] Furthermore, 28 U.S.C. § 1343, the jurisdictional statute over civil rights lawsuits, does not constitute a waiver of the United States' sovereign immunity, see Wright v. State, 2006 WL 2850508, *7 (S.D. Ohio Sept. 29, 2006); Perkins v. Roy, 2005 WL 1529742, *1 (E.D. Mich. June 23, 2005); Andrews v. Martinez, 2002 WL 31368850, at *3 (S.D. Ohio Aug. 21, 2002), and a plaintiff's reliance upon Section 1343 as a basis

---

[4] 28 U.S.C. § 1340 provides:

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

[5] 28 U.S.C.A. § 1356 provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

[6] Any claim under Section 1983 would clearly be subject to dismissal since Section 1983 is only applicable to persons acting under color of state law and does not provide a basis for a claim against federal officials. See Walber v. U.S. Dep't of Hous. & Urban Dev., 897 F.2d 530 (6th Cir. 1990).

for subject matter jurisdiction over claims that fall within the scope of 42 U.S.C. § 405(g) and (h) has been rejected by the Sixth Circuit. See Kennedy, supra. See also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 623, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979) (there is no jurisdiction under 28 U.S.C. §§ 1343(a)(3) and (4) for claims based upon violations of the Social Security Act).

Finally, although the plaintiff relies upon the mandamus statute, 28 U.S.C. § 1361, as a basis for jurisdiction, she has not set forth a legal basis that would entitle her to any form of mandamus relief. The common-law writ of mandamus, as codified in Section 1361, "is intended to provide a remedy for a plaintiff only if [she] has exhausted all other avenues of relief and only if the defendant owes [her] a clear nondiscretionary duty." Heckler, 466 U.S. at 616. The plaintiff has not made this showing. See Michigan Ass'n of Homes, 127 F.3d at 503. Furthermore, the remedy provided by Section 405(g) is an available form of relief that forecloses the issuance of a mandamus remedy in actions arising under the Social Security Act. Heckler, 466 U.S. at 616; BP Care, Inc. v. Thompson, 398 F.3d 503, 515 (6th Cir. 2005).

### RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Defendants' Motion to Dismiss (Docket Entry No. 24) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.[7]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

---

[7] Because a dismissal for lack of subject matter jurisdiction does not reach the merits of a case, such a dismissal should be without prejudice. See Revere v. Wilmington Fin., 406 Fed.Appx. 936, 937 (6th Cir. Jan 12, 2011); Ernst v. Rising, 427 F.3d 351, 366 (6th Cir. 2005), cert denied, 547 U.S. 1021, 126 S.Ct. 1584, 164 L.Ed.2d 302 (2006).

See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


JULIET  GRIFFIN
United States Magistrate Judge